**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES B. ANDERSON JR. and BLAKE PUPO,<br><br>           Plaintiffs,<br><br>v.<br><br>PATRICIA MCGILL, *et al.*,<br><br>           Defendants. | Civil Action No.<br><br>23-20535 (EP) (LDW)<br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on *pro se* plaintiff Charles B. Anderson Jr.'s failure to update his mailing address with the Clerk of Court as required by Local Civil Rule 10.1(a), failure to comply with this Court's October 6, 2025 to do so, and failure to respond to a February 17, 2026 Order to Show Cause.  It is respectfully recommended that plaintiff Anderson's claims be dismissed without prejudice for failure to comply with Local Civil Rule 10.1(a) and failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I.     BACKGROUND

In an Amended Complaint dated November 15, 2023, *pro se* plaintiff Anderson alleged that the administrators of Northern State Prison prevented him and other prisoners from practicing their Lakota faith by prohibiting them from conducting a sweat lodge, purchasing sacred herbs, and wearing religious headwear outside of their cells.  (Am. Complaint, ECF 7).  The Honorable Evelyn Padin, U.S.D.J. screened the Amended Complaint, determined that it raised cognizable claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.*, and allowed Anderson and his co-plaintiff Blake Pupo to proceed

with those claims against defendants Victoria Kuhn, Patricia McGill, Marc Sim, M. Brantley, and L. Hines.  (ECF 14).  On July 9, 2024, Anderson moved for appointment of *pro bono* counsel, (ECF 16), which the Court denied without prejudice.  (ECF 17).  By letter dated September 20, 2024, Anderson inquired as to the status of the case and requested that the Clerk of Court resend him the USM-285 forms for service of process on defendants.  (ECF 18).  The Court directed the Clerk to mail Anderson a copy of the docket sheet and the USM-285 forms on October 4, 2024.  (ECF 19).

However, it was plaintiff Pupo who completed the USM-285 forms for the U.S. Marshals Service to effectuate service of the Amended Complaint on defendants on November 4, 2024.  (ECF  20).  Several months later, defendants Hines and Sim appeared and answered.  (ECF 25, 36).  The Court entered a Pretrial Scheduling Order dated September 5, 2025 directing the parties to serve initial written discovery requests by September 26, 2025 and complete fact discovery by March 5, 2026.  (ECF 39).  The Clerk of Court served a copy of the Pretrial Scheduling Order on Anderson, but it was returned as undeliverable.  (ECF 44).  By Order dated October 6, 2025 the Court noted that "public records suggest that both plaintiffs recently have been released from confinement at Northern State Prison."  (ECF 43).  Therefore, the Court directed plaintiffs to provide updated mailing addresses to the Clerk of Court no later than November 5, 2025 and extended the deadline for service of initial written discovery requests.  (ECF 43).  Plaintiff Pupo complied with this Order and provided a post-release mailing address, (ECF 46), but plaintiff Anderson did not.  The October 6, 2025 Order was later returned as undeliverable with a notation on the envelope that Anderson had been released from Northern State Prison.  (ECF 49, 50, 54).

By letter dated December 29, 2025, defense counsel informed the Court that defendants served interrogatories and requests for production of documents on both plaintiffs by U.S. Mail,

2

but neither plaintiff had responded to defendants' requests or served discovery requests of their own. (ECF 51, 52). The Court entered an Order dated December 31, 2025 directing plaintiffs to respond to all outstanding interrogatories and requests for production of documents no later than January 30, 2026 and warning plaintiffs that failure to respond to written discovery requests may result in a recommendation that their claims be dismissed for failure to prosecute and/or failure to provide discovery. (ECF 53). Defense counsel later informed the Court that the discovery requests sent to plaintiff Anderson had been returned as undeliverable. (ECF 56). The Court's December 31, 2025 Order was also returned to sender. (ECF 57).

Defense counsel filed a status letter dated February 10, 2026 requesting leave to file a motion to dismiss based on plaintiff Anderson's failure to prosecute because "Mr. Anderson has not done anything, and his mail keeps being returned as undeliverable." (ECF 56). In response, the Court entered an Order dated February 17, 2026 directing Anderson to show cause why his claims should not be dismissed for failure to apprise the Court of an address change in accordance with Local Civil Rule 10.1(a). (ECF 59). The Clerk of Court served a copy of the Order to Show Cause at Anderon's last known address at Northern State Prison, but it was returned to sender. (ECF 61). Anderson did not respond to the Order to Show Cause.

The Court has not received any communication from plaintiff Anderson since September 2024. Every mailing the Clerk has sent to Anderson's address of record since discovery began in September 2025 has been returned as undeliverable. As plaintiff has not updated his contact information since his release from Northern State Prison, neither the Court nor defense counsel has any means of communicating with him about this case. Plaintiff Anderson has not participated in his own lawsuit in more than a year, and it appears that he has abandoned his claims.

## II.   DISCUSSION

Pursuant to Local Civil Rule 10.1(a), "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.   Failure to file a notice of address change may result in the imposition of sanctions by the Court."   Local Civil Rule 10.1(a) imposes an affirmative duty on *pro se* litigants to provide updated contact information to the Clerk, and many Courts in this District have dismissed complaints without prejudice where *pro se* plaintiffs did not comply with the Rule.   *See, e.g.*, *Connolly v. N.J. Dep't of Corr.*, 21-cv-19317 (RMB), 2022 WL 717152, at *1 (D.N.J. Mar. 10, 2022) (*sua sponte* dismissing complaint without prejudice where *pro se* plaintiff failed to update address after release from Northern State Prison); *Archie v. Dep't of Corr.*, 12-cv-2466 (RBK), 2015 WL 333299, at *3 (D.N.J. Jan. 23, 2015) (dismissing complaint where *pro se* plaintiff's address was outdated and he had not contacted the Court in over 13 months).   *See also McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (affirming dismissal of complaint "as a sanction for [*pro se* plaintiff's] failure to provide the Court with an accurate mailing address" and noting that with no way to contact plaintiff and "faced with a case that was languishing on its docket, the District Court had little choice as to how to proceed").

Moreover, the Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to comply with court orders, failure to provide discovery, and failure to prosecute an action. *See* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A), 41(b).   However, where a sanction may deprive a party of the right to proceed with or defend against a claim, the Court must weigh the six factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose that sanction.   *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).   The *Poulis* factors are:

4

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868 (emphasis omitted).  No single *Poulis* factor is determinative and sanctions may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

 1.    **Plaintiff's Personal Responsibility.**  Plaintiff Anderson is proceeding *pro se*, so he is solely responsible for his failure to comply with Local Civil Rule 10.1(a) and the Court's October 6, 2025 Order to provide updated contact information.  *See Staples v. Bellafronte*, 17-cv-6778 (BRM), 2020 WL 360615, at \*2 (D.N.J. Jan. 22, 2020) (finding *pro se* plaintiff responsible for failure to comply with Local Civil Rule 10.1(a) and noting that "[i]t is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court and the other parties apprised of his current mailing address").  Plaintiff's early correspondence demonstrates his ability to communicate with the Court by mail, but he has made no effort to do so over the past 19 months.  As such, this factor weighs in favor of dismissal.

 2.    **Prejudice to Defendant.**  "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  Plaintiff's failure to inform the Court or defense counsel of his contact information has brought the litigation of his claims to a standstill.  Discovery as to his claims and any defenses thereto cannot proceed without a means to communicate with Anderson, and his claims cannot be resolved on the merits as a result.  There is no indication that plaintiff intends to resume prosecution of this matter.  *See Green v. Aviles*, 23-cv-3111 (MAH),

2024 WL 6078713, at *3 (D.N.J. Mar. 1, 2024), *R&R adopted*, 2024 WL 6078719 (D.N.J. Mar. 25, 2024) (finding prejudice sufficient to recommend dismissal of complaint where "[a]lthough the Court is mindful of Plaintiff's *pro se* status, it cannot allow this case to sit indefinitely and without any indication that Plaintiff intends to litigate it").  Therefore, this factor weighs in favor of dismissal.

3.     **History of Dilatoriness.**  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  Plaintiff initiated this action in 2023 but has made no meaningful effort to move the case forward.  He did not complete the USM-285 forms for service of process, has not participated in discovery at all, and he ceased communicating with the Court in late 2024. *See Stapleton*, 2016 WL 1465022, at *2 (finding history of dilatoriness where plaintiff's "failure to communicate with the Court or Defendants—in particular, regarding his address—has resulted in several undeliverable mailings").  Plaintiff's long history of inaction further weighs in favor of dismissal.

4.     **Willfulness or Bad Faith.**  The Court does not find that Anderson is proceeding in bad faith, but his failure to participate in the lawsuit he himself filed is certainly knowing, if not willful.  The history of the case, taken as a whole, suggests that plaintiff Anderson has abandoned the prosecution of his claims, supporting dismissal.

5.     **Effectiveness of Alternative Sanctions.**  "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand v. Allegheny County*, 923 F.3d 128, 136 (3d Cir. 2019).  As Anderson is proceeding *in forma pauperis*, monetary sanctions are neither appropriate nor likely to induce him to participate

in the case. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Even if the Court could fashion a sanction other than dismissal, it has no way of imposing an alternative sanction on Anderson as his whereabouts are unknown. *See Giordano v. Twp. of Toms River*, 20-cv-18432 (MAS), 2025 WL 332466, at *1 (D.N.J. Jan. 29, 2025) ("As Plaintiff has apparently abandoned this matter, has not prosecuted his case, and has not updated the Court as to his current address and contact information, and in light of Plaintiff's failure to respond to the Court's Order to Show Cause, the Court finds that no sanction less than the dismissal of this matter is appropriate."); *Stapleton*, 2016 WL 1465022, at *2 ("Without knowing where Stapleton is, the Court is simply unable to communicate to Plaintiff any alternative sanctions." (quotation omitted)). Accordingly, the Court finds that no lesser sanction than dismissal is available.

6. **Meritoriousness of the Claim.** In light of the limited record and Judge Padin's finding that "[t]he Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Amended Complaint would survive a properly supported motion to dismiss," (June 12, 2024 Order at p.3 n.2, ECF 14), this Court is unable to evaluate the meritoriousness of plaintiff's claims.

Taken together, the Court finds the *Poulis* factors weigh decidedly in favor of dismissing plaintiff Anderson's claims without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff Anderson's claims be dismissed without prejudice for failure to comply with Local Civil Rule 10.1(a) and failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written

objections to the Honorable Evelyn Padin, U.S.D.J.  The Clerk of Court is directed to serve copies of this Report and Recommendation on *pro se* plaintiffs Charles B. Anderson Jr. and Blake Pupo by U.S. Mail to their last known addresses.

Dated:  May 5, 2026

                                                *s/ Leda Dunn Wettre*
                                                Hon. Leda Dunn Wettre
                                                United States Magistrate Judge

cc:     Hon. Evelyn Padin, U.S.D.J.