## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHARLES B. ANDERSON JR. and
BLAKE PUPO

      Plaintiffs,

      v.

PATRICIA MCGILL *et al.*,

      Defendants.

No. 23-cv20535 (EP) (LDW)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Pending before the Court is the report and recommendation ("R&R") of the Hon. Leda Dunn Wettre, U.S.M.J., which recommends that *pro se* Plaintiff Charles B. Anderson Jr.'s claims be dismissed without prejudice for failure to comply with Local Civil Rule 10.1(a) and failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).  D.E. 65 ("R&R").

When magistrate judges recommend dismissal of an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and failure to comply with Local Civil Rule 10.1(a), they submit a report and recommendation to the district court.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation.  28 U.S.C. § 636(b)(1);

1

L. Civ. R. 72.1(b)(3). Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

In an Amended Complaint dated November 15, 2023, Plaintiff alleged that the administrators of Northern State Prison prevented him and other prisoners from practicing their Lakota faith by prohibiting them from conducting a sweat lodge, purchasing sacred herbs, and wearing religious headwear outside of their cells. D.E. 7. This Court screened the Amended Complaint, determined that it raised cognizable claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.*, and allowed Plaintiff and his co-plaintiff Blake Pupo to proceed with those claims against defendants. D.E. 14; R&R at 1–2.

Judge Wettre found that despite initiating the action, Plaintiff had not participated in his own lawsuit in more than a year and appeared to have abandoned his claims. R&R at 3; *see* Dkt. Plaintiff failed to (1) update his mailing address with the Clerk of Court as required by Local Civil Rule 10.1(a), *see* Dkt.; (2) comply with this Court's order on October 6, 2025, D.E. 43; and (3) comply with this Court's order to show cause on February 17, 2026, D.E. 59. Accordingly, Judge Wettre recommends that Plaintiff Anderson's claims be dismissed without prejudice. *Id.*

No objections were filed in response to the R&R. After reviewing the R&R and the relevant items on the docket in this case, the Court finds no clear error. Therefore, the Court will **ADOPT** the R&R in its entirety.

**IT IS**, on this **2nd** day of **June** 2026,

**ORDERED** that Judge Wettre's R&R, D.E. 65, is **ADOPTED**; and it is further

ORDERED that Plaintiff Anderson's claims shall be **DISMISSED** *without prejudice*; and it is finally

ORDERED that the Clerk of Court shall mail a copy of this Order to Plaintiffs' last known addresses.

Evelyn Padin, U.S.D.J.